**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LOUIS A. MANDARINI, III, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>Plaintiffs,<br><br>vs.<br><br>D & W CONSTRUCTION, LLC,<br>Defendant. | C.A. No. |

**<u>VERIFIED COMPLAINT</u>**

**<u>NATURE OF ACTION</u>**

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Louis A. Mandarini, III is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4. Plaintiff Louis A. Mandarini, III is also the Executive Director of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Louis A. Mandarini, III is also the Executive Director of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant D & W Construction, LLC ("D&W") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant D&W is a Massachusetts Limited Liability Company with a principal place of business at 86 Cross Street, Winchester, Massachusetts and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about April 1, 2013, D&W agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A true and accurate copy of D&W's signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

11. Because of the Acceptance of Agreements, D&W is party to the Building and Site Construction Agreement between the Union and the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (the "CBA"), as well as the collective bargaining agreements between the

Union and the Labor Relations Division of the Construction Industries of Massachusetts, Inc., the Union and the General Contractors' Association of Pittsfield, Massachusetts, Inc. and between the Union and the Construction Industries Association of Western Massachusetts, Inc. All of the agreements' terms that are relevant to this case are materially the same as those contained in the CBA. A copy of the relevant pages of the 2016 - 2020 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 25-30, 49.

13. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 21-22, 26-27, 31-33. The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency. See Ex. B, pp. 34-35.

15. Signatory contractors such as D&W are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the

amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

16. The payroll audit, whereby the Funds' auditor reviews pertinent employment and payroll records of the signatory contractor for a given period of time, is necessary to establish that laborers' hours have been accurately accounted for and that the correct payments have been made by the contractor. The payroll audit is the most reliable means of determining whether additional contributions are owed to the Funds, and, if so, the extent of the liability.

17. Section 4.5 of the Restated Agreement and Declaration of Trust of the Health and Welfare Fund, which is incorporated by reference in Exhibits A and B hereto, provides as follows:

> Production of Records
>
> Each Employer shall properly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.
>
> The Trustees may by their auditor or other representatives, examine the pertinent employment and payroll records and such other records necessary to establish accurately the correct payments and the correct hours upon which contributions should be based of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance.

18. The Funds sent a letter to D&W on or about March 15, 2017, stating that they had been unable to contact the Company to schedule an audit, and demanding that it contact the Funds to schedule one.

19. On or about March 27, 2017, Counsel for the Funds sent a letter via certified mail, return receipt requested, and first class mail, demanding that D&W contact the Funds to schedule an audit. That letter was received by D&W on or about April 3, 2017.

20. D&W has failed to respond to repeated requests by the Funds and their Counsel to schedule such an audit.

**COUNT I - VIOLATION OF ERISA**

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

22. The failure of D&W to comply with the Funds' demand for an audit violates the Trust Agreements of the Funds and §209(a) of ERISA, 29 U.S.C. §1059.

23. Absent an order from this Court, D&W will continue to ignore its obligations to comply with an audit and to remit contributions it owes to the Funds.

24. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

**COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT**

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 above.

26. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

27. The failure of D &W to submit to an audit violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order D&W to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution

reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from the date on which it became signatory to the CBA, April 1, 2013, until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

b. Enter a preliminary and permanent injunction enjoining D&W from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

c. Enter judgment in favor of the Funds on Count I in the amount of all contributions found to be due in an audit, if any, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d. Enter judgment in favor of the Funds on Count II in the amount of all contributions found to be due in an audit, if any, and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

e. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Alexander Sugerman-Brozan

Anne R. Sills, Esquire
BBO #546576
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208, Ext. 236
abrozan@segalroitman.com

Dated: April 24, 2017

**VERIFICATION**

I, Louis A. Mandarini, III, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21ST DAY OF APRIL, 2017.

Louis A. Mandarini III

Louis A. Mandarini, III

ASB/asb,ars&ts
6306 17-099/complt.doc